**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charley William ELLISON, Jr.,
Defendant–Appellant.**

**No. 09–50646.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 2, 2010.

Filed Aug. 13, 2010.

548

Amber D. Garza, Esquire, Assistant U.S., Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth Newman, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

* The Honorable Ronald M. Whyte, Senior United States District Judge for the Northern District of California, sitting by designation.

Before: KOZINSKI, Chief Judge, REINHARDT, Circuit Judge and WHYTE, District Judge.*

### MEMORANDUM **

■ Because an informant who gave accurate information in the past may be presumed trustworthy, even with the informant's criminal history included, the affidavit would have supported a finding of probable cause. *United States v. Angulo–Lopez*, 791 F.2d 1394, 1396–97 (9th Cir. 1986). Thus, the district court did not err in denying Ellison's motion to suppress physical evidence and motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). *See United States v. Reeves*, 210 F.3d 1041, 1044–45 (9th Cir.2000); *United States v. Meling*, 47 F.3d 1546, 1554–56 (9th Cir.1995).

■ Ellison's statement "should I have a lawyer," even considered in light of his stated desire to avoid self-incrimination, was not an unequivocal request for counsel. *See Davis v. United States*, 512 U.S. 452, 461–62, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994); *United States v. Younger*, 398 F.3d 1179, 1186–88 (9th Cir.2005). The district court did not err in denying Ellison's motion to suppress statements made after his arrest.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.